

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00311-CV

———————————————

REGINALD ANZ, Appellant

V.

DR. CHAD GLINES, Appellee

On Appeal from the County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2020-005824-3

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

Appellant Reginald Anz attempts to appeal the trial court's dismissal order. But because the dismissal order is not final, we lack jurisdiction to consider it.

Generally, appeals may be taken only from final judgments.[1] *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Where, as here, a judgment is rendered without a conventional trial on the merits, the judgment "is not final unless (1) it actually disposes of every pending claim and party or (2) it clearly and unequivocally states that it finally disposes of all claims and parties" even though the statement was included in error and the order "should have been interlocutory." *Jones*, 629 S.W.3d at 924; *Lehmann*, 39 S.W.3d at 200, 205. The trial court's dismissal order does neither.

The dismissal order grants Appellee Dr. Chad Glines's motion to dismiss under Section 74.351(b) of the Civil Practice and Remedies Code, and the order awards Appellee his "reasonable and necessary attorneys' fees and Court costs." It leaves open the question of how much those attorneys' fees and court costs will be, though.

---

[1]The legislature has statutorily authorized interlocutory appeals in certain circumstances, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a), and the increasing number of such statutory exceptions has led the Texas Supreme Court to question whether "[l]imiting appeals to final judgments can no longer be said to be the general rule." *Indus. Specialists, LLC v. Blanchard Ref. Co.*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022) (plurality op.) (quoting *Dall. Symphony Ass'n, Inc. v. Reyes*, 571 S.W.3d 753, 759 (Tex. 2019)). Nonetheless, none of the statutory exceptions apply here, and Appellant does not claim that they do. *Cf. Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008) (discussing "just two" circumstances in which interlocutory appeal of a trial court's Section 74.351 ruling is authorized).

Instead, the dismissal order directs Appellee to "file and serve an affidavit setting forth [his] reasonable and necessary attorneys' fees and Court costs," and it instructs Appellant to "deliver payment to [Appellee] within fourteen (14) days of the [trial] Court's entry of an Order awarding attorneys' fees." The trial court has yet to enter its contemplated "Order awarding [a specific amount of] attorneys' fees," so Appellee's claim for attorneys' fees remains pending.

Because the dismissal order neither "actually disposes of every pending claim and party" nor "clearly and unequivocally states that it finally disposes of all claims and parties," it is not final. *Jones*, 629 S.W.3d at 924; *see Bernard v. Kadin*, No. 05-21-00291-CV, 2021 WL 2943921, at *1 (Tex. App.—Dallas July 12, 2021, no pet.) (mem. op.) (holding that Section 74.351(b) dismissal orders were not final because orders did not determine the amount of fees and costs awarded "with one order specifically stating that the amount was 'TBD'"); *cf. Carroll v. Metro Off. Equip., Inc.*, No. 02-22-00087-CV, 2022 WL 1682156, at *2 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (holding that Rule 91a dismissal order was not final because order awarded fees and costs "in the amount of _____" with no amount specified).

Accordingly, we notified the parties of our concern that we lacked jurisdiction over this appeal and warned that we would dismiss the appeal unless, within ten days, a party showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3. Soon thereafter, Appellant requested a final order from the trial court in an attempt to

3

remedy the jurisdictional defect. A month has passed since then, and no final order has been issued.

Accordingly, we dismiss Appellant's attempted appeal for want of a final judgment. Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: September 22, 2022

4